# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| Kyle Harris, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Civil No. 1:15-cv-45 |
| MLB Consulting, LLC, Petroleum Experience, Inc., Frac Tech Services, Ltd., and Oasis Petroleum, Inc., | ) | **REPORT AND RECOMMENDATION**[1] |
| Defendants. | ) | |

Plaintiff Kyle Harris (Harris) filed a motion to remand this case to state court, contending that removal to federal court was improper under the forum defendant rule of 28 U.S.C. § 1441(b) because defendant Petroleum Experience, Inc. (Petroleum Experience) is a North Dakota corporation. Defendant Oasis Petroleum, Inc. (Oasis) opposes the motion, contending that Harris' motion is untimely and that Petroleum Experience was improperly joined to destroy diversity jurisdiction. The remaining defendants have not responded to the motion to remand, and the time for doing so has expired.

## Summary

Though other circuits take a different position, in the Eighth Circuit, the forum defendant rule is a jurisdictional matter that cannot be waived in a removal case. Harris'

---

[1] In light of a split among court decisions as to whether motions to remand are case-dispositive—and the resulting disagreement over the authority of a magistrate judge to rule on those motions—this opinion is filed as a report and recommendation. Compare Schrempp v. Rocky Mountain Holding Co., No. 4:06CV3197, 2007 WL 570406, at *3 n.1 (D. Neb. Feb. 14, 2007) (in light of split of authority, magistrate judge entered report and recommendation), with Banbury v. Omnitrition Int'l, Inc., 818 F. Supp. 276, 279 (D. Minn. 1993) (motion to remand to state court is non-case-dispositive and may be referred to magistrate judge under 28 U.S.C. § 636(b)(1)(A)).

motion to remand is therefore timely. Because Oasis has failed to establish that Petroleum Experience was fraudulently joined in order to defeat diversity jurisdiction, Harris' motion for remand should be granted.

## Facts

Harris is a resident of Idaho. (Doc. #1-7, p. 1). Defendants MLB Consulting, LLC (MLB Consulting), Frac Tech Services, Ltd. (FTS), and Oasis[2] are Texas entities. (Doc. #1, p. 2; Doc. #2, p. 1; Doc. #4, p. 1). Petroleum Experience is a North Dakota corporation. (Doc. #13, p. 1).

Harris alleges that, while working on an oil rig operated by Oasis, he sustained injuries from "an explosion caused by leaking natural gas." (Doc. #1-7, p. 3). Harris states that "Frac Tech was responsible for the planning, execution, supervision, and safety of the hydraulic fracturing operations at the drill site" and that "MLB Consulting was responsible for the supervision and safety of the workers on the rig." Id. at 5. Harris alleges that Petroleum Experience was an independent consultant for Oasis, had been informed about the gas leak, failed to warn Harris and other workers of the gas leak, and failed to repair the leaking gas line. Id.

Harris filed suit in North Dakota district court. See id. at 1. He alleges that

---

[2] The amended complaint names Oasis Petroleum, Inc. as a defendant. (Doc. #1-7, p. 1). Oasis notes that it is a Texas corporation and the sole member of Oasis Petroleum, LLC, which is organized under Delaware law. (Doc. #1, p. 2). In response to the motion to remand, Oasis states "Oasis Petroleum, LLC [is] incorrectly identified in this action as Oasis Petroleum, Inc." (Doc. #29, p. 1). However, Harris has not sought leave to file a second amended complaint to name Oasis Petroleum, LLC as a defendant. Therefore, for purposes of this report and recommendation, references to "Oasis" are to the defendant named in the amended complaint and docketed in this case—Oasis Petroleum, Inc.

defendants were negligent or grossly negligent and that their negligence was the direct and proximate cause of his injuries and damages. Id. at 4-8. Harris also asserts claims for intentional infliction of emotional distress and negligent infliction of emotional distress. Id. at 8-9. After Oasis filed a notice of removal to federal court, (Doc. #1), Harris filed a motion to remand, (Doc. #18).

## Discussion

**1.      Timeliness of Motion**

Oasis filed its notice of removal to federal court on April 23, 2015, on the basis of diversity jurisdiction. (Doc. #1). In that notice, Oasis claimed that "joinder of Petroleum Experience is improper and must not be allowed to destroy diversity." Id. at 3.

On September 18, 2015, Harris filed a motion to remand. (Doc. #18). In his motion, Harris argues that removal is improper under the "forum defendant rule" of 28 U.S.C. § 1441(b)(2), which narrows jurisdiction in diversity cases removed to federal court. The rule provides that "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Harris alleges that Petroleum Experience was providing services to Oasis during the relevant time period, that "[t]he involvement, role and responsibility of defendant Petroleum Experience in this incident is a question of fact that must be resolved through the discovery process and litigation," and that the inclusion of Petroleum Experience is therefore proper and necessary. Id. at 2-3.

Oasis responds that Harris did not object to removal within thirty days, as required by 28 U.S.C. § 1447(c) when a motion to remand is made on the basis of any

3

defect other than lack of subject matter jurisdiction. (Doc. #29, p. 1). Oasis urges this court to apply the thirty day deadline by viewing the forum defendant rule as a procedural, rather than a jurisdictional, issue. Id. at 2-3. Oasis argues that as a procedural issue, a violation of the forum defendant rule is a waivable defect when not timely challenged. Id. While recognizing the Eighth Circuit has held to the contrary, Oasis cites decisions from other circuits in support of its argument. Id. at 2-3. Harris replies that Eighth Circuit case law requires that the case be remanded. (Doc. #32, p. 2).

Both parties cite <u>Lively v. Wild Oats Markets, Inc.</u>, in which the Ninth Circuit considered whether the forum defendant rule is jurisdictional or procedural in nature. 456 F.3d 933, 938 (9th Cir. 2006). In holding the limitation on diversity-based removal jurisdiction to be a procedural matter, the Ninth Circuit first considered the legislative history of § 1447(c). Id. at 939. The court observed that the statute originally required remand "'[i]f at any time before final judgment it appears that the case was <u>removed improvidently and without jurisdiction</u>.'" Id. (quoting 28 U.S.C. § 1447(c) (1948)). The court stated that, to address the ambiguous nature of the word "improvidently," the statute was later amended to provide, "'A motion to remand the case on the basis of <u>any defect in removal procedure</u> must be made within 30 days after the filing of the notice of removal under § 1446(a).'" Id. (quoting 28 U.S.C. § 1447(c) (1988)). The court noted that, because "confusion remained over what removal defects triggered the 30-day time limit," the statute was again amended in 1996 to provide that "a remand motion 'on the basis of <u>any defect other than lack of subject matter jurisdiction</u> must be made within 30 days after the filing of the notice of removal under § 1446(a).'" Id. (quoting 28 U.S.C. § 1447(c) (1996)). The Ninth Circuit concluded that, by making the 1996 amendment,

4

"Congress sought to ensure that even the 'more substantive' removal defects, such as § 1441(b) violations, were subject to the 30-day time limit." Id. (citing Snapper, Inc. v. Redan, 171 F.3d 1249, 1257-58 (11th Cir. 1999)). The court also noted that the purpose of removal based on diversity jurisdiction—"to protect out-of-state defendants from possible prejudices in state court"—supports its treatment as a non-jurisdictional matter because "[t]he need for such protection is absent . . . in cases where the defendant is a citizen of the state in which the case is brought." Id. at 940. The court then noted that eight of the nine circuits that had addressed the issue held the rule to be procedural. Id. Four of those eight circuits reached that conclusion prior to the 1996 statutory amendment; four reached the conclusion based on the current statutory language. Id.

However, the Lively court recognized that "the Eighth Circuit is the sole circuit on the jurisdictional side." Id. In Hurt v. Down Chemical Co., the Eighth Circuit stated that "jurisdiction of the lower federal courts, both original and removal, is entirely a creature of statute. If one of the statutory requirements is not met, the district court has no jurisdiction." 963 F.2d 1142, 1145 (8th Cir. 1992) (citation omitted). Therefore, although Hurt's remand motion had been made more than thirty days after the case had been removed, the court held that remand was proper because "subject-matter jurisdiction is not a mere procedural irregularity capable of being waived." Id. at 1146.

Hurt has not been overruled and is thus binding on this court. Indeed, since deciding Hurt, the Eighth Circuit has considered a defendant's argument "that other circuits have held to the contrary[,] that the violation of the forum defendant rule is a procedural, nonjurisdictional defect, and urges us to abandon our reasoning in Hurt." Horton v. Conklin, 431 F.3d 602, 605 (8th Cir. 2005), cert. denied sub nom. Waugh v.

Horton, 549 U.S. 813 (2006). Yet, the Eighth Circuit did not waiver from its earlier reasoning that a violation of the forum defendant rule constitutes a jurisdictional defect, but stated "[w]e believe . . . that Hurt sets forth the better rule."[3] Id. In the case at hand, it is not for this court to determine whether Hurt comports with other circuit holdings. See Carroll v. Gold Medal of Tenn., Inc., 869 F. Supp. 745, 746-47 (E.D. Mo. 1994) (declining to follow other circuits' holdings regarding the forum defendant rule). Because the Eighth Circuit has established that the forum defendant rule is a jurisdictional matter that may not be waived, Harris' motion to remand should be considered timely.

**2.     Fraudulent Joinder**

The court must next consider whether Petroleum Experience is improperly joined. In his motion to remand, Harris claims that Petroleum Experience provided services to Oasis on the well site in November 2011, including on the day of the explosion. (Doc. #18, p. 2). Harris filed a copy of a Petroleum Experience expense report, which he alleges "identifies that Petroleum Experience was providing services to Oasis Petroleum on the [relevant] well site" on November 21 through 23, 2011. Id.

Oasis responds that "an Oasis daily report from the day of the incident does not list any fees billed" by Petroleum Experience for the relevant well site lease. (Doc. #29,

---

[3] One commentator opines that the Hurt court's reasoning is not persuasive and that "[w]hen the issue arises again, the Eighth Circuit should revisit its erroneous decision." Theodore P. "Jack" Metzler, Jr., A Lively Debate: The Eighth Circuit and the Forum Defendant Rule, 36 Wm. Mitchell L. Rev. 1638, 1651-52, 1655 (2010). Interestingly, the United States Supreme Court has declined to resolve the circuit split. See Lively v. Wild Oats Markets, Inc., 549 U.S. 1207 (2007); Waugh v. Horton, 549 U.S. 813 (2006).

p. 4). Further, Oasis states that Petroleum Experience's operations manager believes that the fees listed in the expense report were entered by a former employee during the employee's transition to working for Oasis and that "it is common practice in the industry to work in the office as a superintendent under a consulting firm and to then bill invoices to wells by randomly selecting a hand full of locations to bill to." Id.; (see also Doc. #30). Oasis adds that "it remains the opinion of Oasis and Petroleum Experience that Petroleum Experience was not involved with the subject well at the time of the incident." (Doc. #29, p. 4).

Harris replies that Petroleum Experience was not joined in the action "for the sole purpose of destroying diversity. There remains a question of fact regarding [Petroleum Experience's] liability . . . and this question of fact should be properly addressed and settled in state court." (Doc. #32, p. 2). In further support of his argument, Harris relies on an opinion from this district in which the court remanded the case after determining that the defendants had not proved fraudulent joinder. Id. (citing Simmons v. RPC, Inc., D.N.D. Case No. 4:14-cv-82, Doc. #71).

To establish fraudulent joinder, the defendant must "do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion" because the focus is not "on the artfulness of the plaintiff's pleadings." Knudson v. Sys. Painters, Inc., 634 F.3d 968, 980 (8th Cir. 2011). Rather, the defendant must establish the lack of an arguable basis for liability. Wivell v. Wells Fargo Bank, N.A., 773 F.3d 887, 893 (8th Cir. 2014). Fraudulent joinder does not exist where "'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" Junk v. Terminix Int'l Co., 628 F.3d 439, 446 (8th Cir. 2010) (quoting

7

Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 811 (8th Cir. 2003)). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro Prods. Liab. Litig., 591 F.3d 613, 620 (8th Cir. 2010).

Harris alleges causes of action for negligence and gross negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. (Doc. #1-7, pp. 4-11). In North Dakota, actionable negligence "'consists of a duty on the part of an allegedly negligent party to protect the plaintiff from injury, a failure to discharge that duty, and a resulting injury proximately caused by the breach of the duty.'" Saltsman v. Sharp, 803 N.W.2d 553, 557 (N.D. 2011) (quoting Botner v. Bismarck Parks & Recreation Dist., 782 N.W.2d 662, 665 (N.D. 2010)). Harris alleges that Petroleum Experience owed, and failed in, a duty to protect Harris from injury and that his resulting injuries were proximately caused by that breach. The parties' positions regarding Petroleum Experience's involvement clearly demonstrates that a question exists regarding whether Petroleum Experience owed a duty to Harris. On this basis alone, the court should grant Harris' motion because all doubts as to federal jurisdiction should be resolved in favor of remand. See In re Prempro Prods. Liab. Litig., 591 F.3d at 620.

Further, intentional infliction of emotional distress consists of the following three elements: "(1) extreme and outrageous conduct that is (2) intentional or reckless and that causes (3) severe emotional distress." Muchow v. Lindblad, 435 N.W.2d 918, 924 (N.D. 1989). For a claim of negligent infliction of emotional distress, a plaintiff must show "bodily harm," meaning "any physical impairment of the condition of another's body, or physical pain or illness." Id. at 921.

8

Harris alleges that defendants' actions were "intentional and/or reckless" because they "had actual subjective awareness of the risks involved but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including plaintiff[]. Such conduct constitutes extreme and outrageous behavior." (Doc. #1-7, pp. 8-9). He also states he has suffered severe emotional distress and bodily harm, including second and third degree burns and "a concussive blast injury to his head and brain." Id. at 3. Harris claims that, as a result of his injuries, he can "reasonably expect to suffer a permanent loss of functionality in his hand and permanent injury to [his] brain." Id. at 4.

Again, the parties dispute Petroleum Experience's involvement with the well during the relevant time. However, the facts regarding the incident itself and Harris' injuries, neither of which Oasis has disputed, demonstrate a reasonable basis to predict that Petroleum Experience—if it were involved with the well at the time of the incident—could be held liable under state law. Oasis has therefore not established that Petroleum Experience was fraudulently joined. Because Petroleum Experience is a forum resident, the case was improperly removed, and Harris' remand motion should be granted.

## Conclusion

For the reasons discussed above, it is **RECOMMENDED** that Harris' motion for remand, (Doc. #18), be **GRANTED**.

Dated this 12th day of January, 2016.

                                               */s/ Alice R. Senechal*
                                               Alice R. Senechal
                                               United States Magistrate Judge

## NOTICE OF RIGHT TO OBJECT

Pursuant to Federal Rule of Civil Procedure Rule 72(a) and (b) and District of North Dakota Civil Local Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than **January 26, 2016**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.